

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES B. MORAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 00 C 5085 | Date | Dec 26, 2000 |
| Case Title | U.S.A. VS 1979 30-FOOT SEA RAY, ETC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐held ☐continued to ☐set for ☐re-set for _____ at _____
(6) ☐ Pretrial conf. ☐held ☐continued to ☐set for ☐re-set for _____ at _____
(7) ☐ Trial ☐Set for ☐re-set for _____ at _____
(8) ☐ ☐Bench Trial ☐Jury Trial ☐Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐without ☐with prejudice and without costs ☐by agreement ☐pursuant to ☐FRCP 4(j) (failure to serve) ☐General Rule 21 (want of prosecution) ☐FRCP 41(a)(1) ☐FRCP 41(a)(2)
(10) ☒ [Other docket entry]

Enter Memorandum Opinion and Order. We deny the motion for leave to file a verified claim and we, this date, enter a default judgment and decree of forfeiture. Enter Default Judgment and Decree of Forfeiture.

(11) ☒ [For further detail see ☐order on the reverse of ☒order attached to the original minute order form.]

☐ No notices required, advised in open court.
☐ No notices required.
☐ Notices mailed by judge's staff.
☐ Notified counsel by telephone.
☒ Docketing to mail notices.
☒ Mail AO 450 form.
☐ Copy to judge/magistrate Judge.

courtroom deputy's Initials: WAH

Date/time received in central Clerk's Office

00 DEC 26 PM 2:27

date docketed: DEC 28 2000
docketing dpty. initials: GP
date mailed notice
mailing dpty. initials

Document # 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 00 C 5085 |
| | ) | |
| 1979 30-FOOT SEA RAY, EXPRESS | ) | |
| CRUISER, HULL IDENTIFICATION | ) | |
| No. SERF23640579, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 18, 2000, the government filed a verified complaint for forfeiture of a power boat, claiming that its registered owner, Fred Cores, had purchased it with drug money. On October 5, 2000, the government moved for entry of a default and for a decree of forfeiture, stating that personal service was effected no later than September 6, 2000, that notice had been published September 8, that claims had to be filed within ten days of service of process, and that no claims had been filed. On October 12, 2000, Cores sought leave to file a verified claim in which he and his brother Paul claimed an ownership interest in the vessel.

The basis for the late claim is that they told Fred Cores' attorney to file a timely claim, he failed to do so, and the claim was sought to be filed a day after they became aware that the claim had not been filed. They rely upon Supplemental Rule C(6) that permits filing within ten days after service of process or "within such additional time as may be allowed by the court." They further rely upon a notice of seizure mailed by the Drug Enforcement Administration that they could contest the forfeiture by, initially, filing an administrative claim by November 2, 2000.

12

Claimants, by their own admission, recognize that they were supposed to file a claim shortly after being served. Cores represents that he directed his attorney to do so (and we note that Cores had to be aware that he had not been asked to verify such a claim). We recognize that we can extend the time for filing, United States v. U.S. Currency, the Amount of $103,387.28, 863 F.2d 555 (7th Cir. 1988), United States v. $10,000 in U.S. Funds, 863 F.Supp. 812 (S.D.Ill. 1994), but, as those cases indicate, the court's discretion should be guided by various factors, not the least of which is that the government was made aware of the claim before the time ran even though a technically appropriate claim was filed tardily. That did not happen here.

What did happen here, according to claimants, is that the attorney failed to file the claim. The failure of the attorney is, however, imputed to the claimant, and direct compliance with the filing requirements is typically required, United States v. Commodity Account No. 54954930, 219 F.3d 595 (7th Cir. 2000); United States v. 7108 West Grand Ave., Chicago, Ill., 15 F.3d 633 (7th Cir. 1994). We believe claimants are in much the same situation they would be in if they had a claim lost by attorney negligence because the limitations period expired. Perhaps we might feel differently if their loss was wholly disproportionate to their failure to act in a timely fashion. But here the value of the vessel is no more than $20,000, and probably closer to $12,500, the reported purchase price. To now reverse course and embark upon an extended litigation would invite the expenditure of legal time and other costs, such as continued storage and maintenance expenses (there is currently a $565.13 maintenance and storage lien lodged against the vessel) that could rapidly exceed the value of the property involved. We decline to do so. We deny the motion for leave to file a verified claim and we,

this date, enter a default judgment and decree of forfeiture.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 26, 2000.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 5085 |
| ) | |
| 1979 30-FOOT SEA RAY, ) | Judge Moran |
| EXPRESS CRUISER, HULL ) | |
| IDENTIFICATION No. SERF23640579, ) | |
| ) | |
| Defendant. ) | |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

This matter coming to be heard on the motion of the United States of America, due notice of this forfeiture proceeding having been given pursuant to applicable law, and the Court finding that it has jurisdiction over the subject matter and the parties, and that the allegations of the verified complaint and the motion for entry of default and for decree of forfeiture are well taken;

IT IS ORDERED that, no verified claim having been timely filed as instructed by Rule C(6) of the Supplemental Rules, all persons having a claim to the defendant 30-Foot Sea Ray Express Cruiser, Hull Identification No. SERF23640579, are hereby held in default, and a decree of forfeiture is entered as to the defendant 30-Foot Sea Ray Express Cruiser, Hull Identification No. SERF23640579. Said property is hereby forfeited to the United States of America to be disposed of according to law;

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the clerk enter immediately judgment as directed by the Court.

ENTER:

James B. Moran
JAMES B. MORAN
UNITED STATES DISTRICT JUDGE

Dated: 12/26/00

DOCKETED
DEC 28 2000